UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex. rel.*   : <br> SCIENTIFIC ELECTRIC COMPANY, INC.   : <br>         : <br>     Plaintiff,         : <br>         : <br> v.         : <br>         : <br> HUDSON INSURANCE COMPANY     : <br>         : <br>     Defendant         : | CIVIL ACTION NO. <br> CV-16-5054 <br> <br> <br> <br> <br> <br> <br> <br> SEPTEMBER 12, 2016 |

## COMPLAINT

1. The plaintiff, Scientific Electric Company, Inc. ("Scientific"), is a New York corporation with a principal place of business at 1475 East 222nd Street, Bronx, New York 10469.

2. The defendant, Hudson Insurance Company ("Hudson"), is a Delaware company with a New York office located at 17 State Street, New York, New York 10004. Hudson is licensed to conduct business and issue surety bonds in the State of New York, and markets and sells bonds in the State of New York.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 40 U.S.C. § 3133 under The Miller Act., and pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00

55998005 v2

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated, in this District.

## COUNT I

### (Breach of Miller Act Bond - Hudson)

1-4. Scientific restates and realleges each of the allegations set forth in paragraphs 1 through 4 as if fully set forth herein.

5. Viaco Construction Corporation ("Viaco") and the United States of America ("Government"), by and through the Department of Veterans Affairs, entered into a contract for the construction of the project known as Nuclear Medicine PET CT at Brooklyn Campus, 800 Poly Place, Brooklyn, New York 11209 ("Project").

6. To facilitate construction of the Project, on or about February 20, 2012, Viaco and Scientific entered into a subcontract ("Subcontract") in the lump-sum amount of $442,000.00 whereby Scientific agreed to provide the labor, supervision, materials and equipment for the Electric work for the Project.

7. On or about July 24, 2014, as a result of delays in Viaco making payment to Scientific and to avoid immediate legal action, Viaco and Scientific entered into a supplemental agreement to modify the Subcontract to include finance charges at the rate of 9% on any unpaid amounts due Scientific.

8. During the course of the Project, Scientific's scope of work was amended by approved change orders totaling $19,277.90, resulting in a revised Subcontract price of $461,277.90.

55998005 v2

9. Viaco paid Scientific the amount of $201,000.50 leaving a Subcontract balance due and owing from Viaco to Scientific in the amount of $260,277.40.

10. In addition to the Subcontract balance, Viaco is also liable to Scientific for finance charges totaling $44,766.81 as of September 11, 2016.

11. Scientific performed all work in full compliance with the Project requirements.

12. Upon information and belief, Viaco has been paid by the Government for the work for which Scientific has demanded payment and that there is no basis for Viaco not paying Scientific.

13. Despite notice and demand, Viaco has failed and refused to pay Scientific the amount due and owing.

14. As a result of Viaco's nonpayment, Scientific has suffered damages in the approximate amount of $305,044.21, plus additional finance charges, interest, costs and attorneys' fees.

15. Hudson, as surety, and Viaco, as principal, issued a payment bond ("Payment Bond"), Bond No. HGNE-10-187-0046, in the penal sum of $2,473,000.00 to secure payment and for the benefit of those performing work and supplying material to the Project, including Scientific.

16. Scientific provided labor and materials for the Project pursuant to the Subcontract.

17. Scientific notified Hudson that Viaco has not paid Scientific for labor and material performed for the Project. Scientific demanded for payment from Hudson on the Payment Bond. Hudson has failed and refused to pay Scientific.

18. At the time Scientific instituted this lawsuit, one year has not elapsed from the last day Scientific furnished labor and materials to the Project.

55998005 v2

19. All conditions precedent to the maintenance of this action have been fulfilled.

20. Hudson is liable on the Payment Bond to pay Scientific the amount of $305,044.21, plus additional finance charges, interest, costs and attorneys' fees, for labor and materials which Scientific provided to the Project.

WHEREFORE, Scientific Electric Co., Inc. claims the following as its prayer for relief:

1. Monetary damages;
2. Finance charges;
3. Interest;
4. Costs;
5. Attorney's fees; and
6. Such other and further relief as the Court deems just and proper.

PLAINTIFF, UNITED STATES OF AMERICA, *ex rel.* SCIENTIFIC ELECTRIC COMPANY, INC.

By: _____
Peter J. Martin
Hinckley, Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, CT 06103
Phone: (860) 331-2726
Fax: (860) 331-2727
Email: *pmartin@hinckleyallen.com*

55998005 v2